UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| HEATH M. CHAPMAN,                )<br>                                                      )<br>            Plaintiff            )<br>                                                      )<br>v.                                                )<br>                                                      )<br>STANDARD FIRE INSURANCE   )<br>COMPANY,                            )<br>                                                      )<br>            Defendant          ) | No. 1:11-cv-459-DBH |

DECISION AND ORDER ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

The issue on this motion for summary judgment is whether the limitations period has run on a policy claim for fire damage and on two statutory unfair claims practices claims. The fire occurred on March 4, 2009, and the first denial was June 16, 2009. The complaint in this case was filed in state court on October 28, 2011. I conclude that all the claims are time-barred by the policy language and the applicable statute of limitations.

FACTUAL AND PROCEDURAL BACKGROUND[1]

On March 4, 2009, fire damaged the plaintiff Heath Chapman's home, which was insured by Travelers Home and Marine Insurance Company.[2] The

---

[1] The relevant facts are mostly undisputed and provided in the parties' Stipulation of Facts (ECF No. 20).
[2] The defendant and the plaintiff are discussing the substitution of Travelers Home and Marine as the correct underwriting party defendant. Stipulation at 1 n.1. The plaintiff admits that the "actual underwriting defendant . . . is Travelers Home and Marine Insurance Company." Pl.'s Reply Mem. Law Opp'n Def.'s Mot. Summ. J. at 1 n.1 (ECF No. 27).

Travelers policy required that any suit against the company be "started within two years after the date of loss."  Chapman immediately notified Travelers of the fire.  After investigation, Travelers concluded that it was not obligated to cover Chapman's damage.  On June 16, 2009, Travelers sent Chapman a letter denying his claim.

In early September 2009, a lawyer contacted Travelers on Chapman's behalf and requested copies of Chapman's insurance policy and statements.  From all that appears, Travelers complied.  There were no further communications until July 27, 2011, when Chapman's new and current counsel requested that Travelers send him a list of the specific facts upon which it had denied Chapman's claim.  After additional correspondence between the parties, Chapman filed this lawsuit in state court on October 28, 2011, making three claims: failure to pay under the policy; a statutory claim of unfair claims settlement practices; and a statutory claim for interest, costs and attorney fees.  Travelers removed the lawsuit to this court, basing jurisdiction upon diversity of citizenship.  Travelers has moved for summary judgment.

## ANALYSIS

### *The Policy Claim*

The policy requires that suits be "started within two years after the date of loss."  Insurance Policy at 32 (ECF No. 20-1).  This language conforms with Maine's statutory fire insurance policy language, which requires that all fire policies issued on Maine property contain the following condition:

> No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all

2

> the requirements of this policy shall have been complied with, and *unless commenced within two years next after inception of the loss.*

24-A M.R.S.A. § 3002 (emphasis added).³  The fire occurred on March 4, 2009, and Chapman filed his lawsuit on October 28, 2011, more than 2 years later.

Maine's Law Court has observed that courts are divided on the meaning of the statutory phrase "inception of the loss" and that judicial interpretations range from what would be, in this case, the date of the fire, to the date of denial of coverage.  L & A United Grocers, Inc. v. Safeguard Ins. Co., 460 A.2d 587, n.7 (Me. 1983).  In Palmero v. Aetna Casualty & Surety Co., however, the Law Court ruled that, in an action for breach of contract against an insurance company, the cause of action accrues at the time the company denies benefits.  606 A.2d 797, 798 (Me. 1992) (uninsured motorist coverage).  In this case, I take that time to be the date upon which Travelers notified Chapman—in a manner acceptable under Maine's insurance statute—that it refused to pay.  Since that interpretation of the language is most favorable to Chapman, I use it for purposes of ruling on the motion.

Chapman argues that his complaint did not fall outside the two-year limitations period, because Travelers did not properly notify him of its refusal until at least September 2011, when Travelers sent a more detailed letter explaining the basis of its denial to his new counsel.  Pl.'s Objection Def.'s Mot.

---

³ Travelers is a company based in Connecticut and, therefore, its insurance contracts must also comply with 24-A M.R.S.A. § 2433, the Maine statute governing foreign insurers.  This statute forbids a foreign insurer from requiring policy holders to file suits *less than* two years after a cause of action accrues.  In this case, because Travelers's policy incorporated a two-year statute of limitations, Insurance Policy at 32, it met the § 2433 requirement as well.

Summ. J. and Incorporated Mem. Law at 4 (ECF No. 22). Chapman relies on 24-A M.R.S.A. § 2436(2), which requires an insurer disputing a claim to furnish the insured with a written document stating both that the claim is disputed and the grounds upon which the claim is disputed. The statute requires that these statements "must be based upon a reasonable investigation of the claim and must include sufficient detail to permit the insured or beneficiary to understand and respond to the insurer's position." Id.[4]

Chapman asserts that Travelers' initial denial letter of June 16, 2009, was insufficiently detailed to meet these requirements. I disagree. The June 2009 letter is addressed to Chapman and says in its first paragraph that "your claim for damages resulting from the above-referenced fire [the caption gives the date and address of the fire] is denied." Tedford & Henry Letter at 1 (ECF No. 20-3). The letter describes the investigation that the company conducted ("retaining technical experts to determine the origin and cause of the fire and retaining counsel to examine you and Tracy Wells under oath"). Id. It states that the company "has determined that this loss arose out of an act committed by you or was the result of an act which you conspired with another to commit with the intent to cause the loss." Id. It also says that the "claim for this loss is also denied for the reason that you intentionally concealed or misrepresented material facts or circumstances, engaged in fraudulent conduct and made false statements relating to this insurance and loss." Id. The letter quotes relevant provisions of Chapman's insurance policy. Id. at 1, 2.

---

[4] Chapman has not argued that Travelers' investigation was not reasonable.

Chapman says that he did not lie to Travelers or cause the fire, Pl.'s Objection at 3, but that is not the issue on the limitations period defense. Travelers' June 16, 2009, letter notified Chapman that it denied his claim, and it provided "sufficient detail" for him to understand Travelers' position. Travelers did not mislead Chapman; indeed, he consulted a lawyer who made further inquiry on his behalf. Pl.'s Objection at 2. On September 2, 2009, that lawyer sent Travelers a letter declaring that she represented Chapman and requested a copy of his insurance policy. Butler Correspondence at 3 (ECF No. 20-4). In the ensuing days, Chapman's lawyer corresponded with Travelers' attorney and requested that he provide "any statements you have . . . relating to Heath Chapman's claim." Id. at 1. Travelers' lawyer agreed to provide any statements that Chapman lacked. Id. This activity does not suggest that Chapman and the lawyer were confused about Travelers' position, but the contrary. I conclude that the June 16, 2009, letter was sufficient to trigger both the insurance policy's two-year limitations period and the statutory two-year period. As a result, the allowable time had run completely by the time Chapman filed suit on October 28, 2011. Chapman's claim under the policy, therefore, is time-barred.

### *The Statutory Claims*

Chapman has brought two statutory claims as well. In Count II, he makes an "unfair claims settlement practice" claim under 24-A M.R.S.A. § 2436-A, asserting that Travelers' allegations in the June 16, 2009, letter "are false, and defendant's refusal to pay is without just cause." Compl. ¶ 12. In

5

Count III, he makes an "interest on overdue payments" claim under 24-A M.R.S.A. § 2436, asserting that Travelers' "refusal to pay the plaintiff's claim under his policy, together with its failure to provide details and the reasons for its denial of coverage resulted in payments under that policy being overdue. . . ." Id. ¶ 15.

Once again, the parties dispute the limitations period that applies. Travelers argues that, as with the policy claim, these statutory claims are governed by a two-year limitations period—either the one provided by the policy or the one provided in § 3002, Maine's statutory fire insurance policy language. Def.'s Mot. at 10. Chapman, on the other hand, argues that his statutory claims sound in tort and, therefore, are subject to the 6-year statute of limitations provided by 14 M.R.S.A. § 752 for torts. Pl.'s Objection at 6-7.

The Travelers policy requires that any "suit against us" be brought within two years of the date of loss. Insurance Policy at 32. Section 3002, Maine's statutory fire insurance policy language, provides that any "suit or action on this policy for the recovery of any claim" must be "commenced within two years next after inception of the loss." Chapman's two statutory claims challenging "refusal to pay . . . without just cause," Compl. ¶ 12, and "refusal to pay the plaintiff's claim under his policy," id. ¶ 15, are—prima facie—"suit[s] against us" that are "on this policy for the recovery of any claim." Therefore, under both the policy language and the statutory language, Chapman's statutory claims are time-barred.

6

With respect to Chapman's argument that these really are tort claims, however—"claims for bad faith [that] sound in tort and are governed by the statute of limitations that applies to tort actions," Pl.'s Objection at 2—the thrust of Maine's Law Court's reasoning is against him.  Maine has "expressly refuse[d] to recognize an independent tort of bad faith resulting from an insurer's breach of its duty to act in good faith and deal fairly with an insured." Marquis v. Farm Family Mut. Ins. Co., 628 A.2d 644, 652 (Me. 1993).  Instead, according to the Law Court, an insurer's duty of good faith "derives from a covenant implicit in the provisions of the insurance contract."  Id. (quoting Linscott v. State Farm Mut. Auto. Ins. Co., 368 A.2d 1161, 1163 (Me. 1977).) The Law Court views the statutory remedies as "additional remedies" that the legislature has provided for the breach of the policy contract.  Id.  I conclude that it would be inconsistent with this reasoning to treat these statutory remedies as tort claims even for statute of limitations purposes.  Instead, they are "additional remedies" for Chapman's claim under the insurance policy, and the two-year limitations period applies.[5]

---

[5] I recognize that cases from other jurisdictions are divided on whether such claims are "on the policy."  Greene v. Stevens Gas Service, 858 A.2d 238, 247 (Vt. 2004), describes the division and recommends an intermediate position, requiring a case-by-case analysis.  If I followed Greene, I would reach the same conclusion (as did Greene in adhering to the policy limitations period). Illinois and Iowa use a similar analysis and come to the same conclusion.  See Cramer v. Insurance Exch. Agency, 675 N.E.2d 897, 904 (Ill. 1996); Stahl v. Preston Mut. Ins. Ass'n, 517 N.W.2d 201, 203 (Iowa 1994).  A leading treatise on the subject adopted the conclusions of Stahl and Greene:
> For purposes of determining whether actions against the insurer are collateral, such that suit limitation clauses do not apply, an action is collateral if the elements of a tort are satisfied in a manner distinct from breach of contract; if the action is nothing more than a breach of contract claim "disguised" as a tort, the

*(continued next page)*

Because Chapman's claims are time-barred, I do not address Travelers' argument that it had "just cause" for denying Chapman's insurance claim. Def.'s Mot. at 12.

The defendant's motion for summary judgment is **GRANTED**.

**SO ORDERED.**

**DATED THIS 23RD DAY OF AUGUST, 2012**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

action is not collateral, and the policy's suit limitation clause applies.

Lee R. Russ & Thomas F. Segalla, 16 COUCH ON INSURANCE § 235:100 (3d ed. 2011).  The latter description applies to Chapman's claims.  But in any event, I follow the reasoning of Maine's Law Court.

8